GEORGE G. SMALL & another *vs.* CHARLES S. BREED.

Past breaches of a bond, the condition of which provides that the obligor will accept orders of the obligee to a specified amount, in consideration of the conveyance of land to him as security therefor, and that upon being indemnified and paid for advancements and services he will reconvey the land, are not waived by the obligee's procuring a third person to take for his benefit a conveyance of the land from the obligor.

CHAPMAN, J. The plaintiffs declare on a bond, the substance of the condition of which is that whereas the plaintiffs have conveyed to the defendant a certain lot with a dwelling-house thereon, to hold as security, he agrees to give and accept orders for materials that may be required to complete a block of houses which the plaintiffs were then building, of which the house conveyed is one — the advances not to exceed $2000 — and, upon being fully indemnified and repaid for his advancements and services, to reconvey the lot to the plaintiffs. The breaches alleged are, a refusal upon request to give and accept orders or reconvey the lot.

The action is brought for the benefit of Josiah S. Small, to

whom the bond has been assigned.  The bill of exceptions states that it appeared from the evidence of said Josiah that after the alleged breaches of the bond, one James Dana, with the knowledge and consent of the plaintiffs and of said Josiah, and without objection on their part, bought of the defendant the real estate mentioned therein, and paid him therefor $470, that being the balance claimed by him for advances under the bond and on the block of buildings, in order to save the same from being lost; and that he purchased and holds the same for the benefit of the plaintiffs and their said assignee.

It was held in the superior court that by this purchase the plaintiffs and their assignee had waived their rights under the bond, and discharged the defendant from all damage by reason of the alleged breaches thereof.

We are of opinion that this ruling was erroneous.  The only effect which the purchase would have upon the defendant's liability would be to release him from all obligation to make any further advances to the plaintiffs, and to reconvey the estate.  It does not release him from their claim to damages for his past violations of his agreement.  If he had damaged them by refusing to give or accept orders according to the terms of the condition, and they, finding they could obtain no funds from him, had demanded and received back the security which he held, instead of procuring a friend to purchase it, in order to save it from being lost, the case would be stronger for the defendant than it now is; but it would be difficult to state a reason why even in such case the receiving back of the security should be regarded as a release of damages for his past violations of the condition.  It would not operate as a compensation, nor contain a release in terms express or implied.  And if it should appear that the plaintiffs were compelled to make the arrangement with Mr. Dana by the threats or preparations of the defendant to sell the property for the advances claimed by him, in violation of his contract to reconvey, so that the plaintiffs would wholly lose their title unless they did so, this ought not to diminish their claim for damages.  Whether the alleged

breaches were proved, and if they were, what damages the plaintiffs were entitled to recover, should have been submitted to the jury.                                    *Exceptions sustained.*

*M. G. Cobb,* for the plaintiffs, cited *Fairfield* v. *Williams,* 4 Mass. 427.

*G. W. Warren,* for the defendant, submitted the case without argument.